## Timothy Eastman *versus* Lyman B. Walker.

A declaration by the maker of a promissory note, upon its being presented for payment, that he had paid part, and had certain demands against the holder, but that something was due which he was ready to pay, without specifying any sum—is sufficient to take the case out of the statute of limitations, and entitle the plaintiff to nominal damages.

Assumpsit upon a promissory note of the defendant, dated April 24, 1819, for $219, in one year from the 20th of August then next.

Pleas, general issue, and statute of limitations.

The cause was tried at the common plea's sittings, March term, 1833, when it appeared in evidence, that within six years next previous to the commencement of this suit, the plaintiff caused the note to be presented to the defendant for payment ; that the defendant then said

he had some bills of costs against Eastman, and had sent him money by mail ; that something was due, which he was ready to pay to any authorized agent : but it did not appear that any amount was specified.

Upon this evidence, the jury, under the direction of the court, returned a verdict for the plaintiff for nominal damages, and the defendant moved for a new trial, upon the ground that there was not sufficient evidence to take the case out of the statute ; and thereupon the action was transferred to this court.

*I. Bartlett*, for the defendant, contended that an acknowledgment that something was due, without any admission as to the amount, would not take the case out of the statute. 1 Peters' Sup. C. Rep. 352, *Bell* v. *Morrison* ; 8 Bing. 38, *Kennett* v. *Milbank* ; 7 Bing. 163, *Hayden* v. *Williams*.

*James Bell*, for the plaintiff, cited 2 N. H. Rep. 425, *Stanton* v. *Stanton* ; 2 Carr. & Payne, 104, *Dixon* v. *Deveridge* ; 2 Moody & Malkin, 141, *Dickinson* v. *Hatfield*, vide abstract, 9, Amer. Jurist, 109.

PARKER, J.   The plaintiff in this case exhibited in evidence a promissory note, admitted to have been executed by the defendant, and proved the distinct acknowledgement of the defendant, made upon the presentation of the note to him for payment, within six years, that something was still due upon it, which he was ready to pay to any authorized agent, and the person who presented it was at that time the agent of the plaintiff.

There is no doubt that this is sufficient evidence of a new promise, so as to take the case out of the statute, unless the uncertainty, as to the amount of what was admitted to be due, renders the promise of no affect.

The defendant said at the same time, that he had some claims against the plaintiff, and that he had sent him money.   The amount of those claims was not specified, and there is no evidence in the case to ascertain what amount the defendant admitted to be due.

Eastman
v.
Walker.

It is not contended that we can give effect to this admission, so as to put the burden of proof upon the defendant to show the amount of his claims by way of set off, to reduce the amount of the note. The defendant, if charged, is to be charged upon his admission, and this, although express, extends no farther than to the fact that something is due, some part having been paid.

But if any thing is due upon a contract the plaintiff is entitled to recover. If he fails in rendering the amount certain, he must suffer the loss so far as the uncertainty extends, but an uncertainty as to the amount of the damages is no bar to the plaintiff's recovery, if any thing is due—if damage has been sustained. This principle is settled, 2 Car. & P. 104, *Dixon* v. *Deveridge* ; 1 Taunt. 121, *Fieze* v. *Thompson.* And the principle applies with equal force where the defence rests upon the statute of limitations, if it is distinctly admitted that a debt is due, which the party is liable and willing to pay, as it does in the case of a contract against which the statute has interposed no bar.

In *Bell* v. *Morrison*, cited for the defendant, this point was not taken, or considered. The point to which the reasoning of Mr. Justice Story is there directed, is, whether a general acknowledgment that something is due, will take the case out of the statute, and let in evidence *aliunde* to establish the amount. 1 Peters, 366. That case cannot, therefore, be considered as conflicting with the positions now taken ; and *Dickinson* v. *Hatfield*, 2 Moody & Mal. 141, cited by the plaintiff's counsel, if the abstract in the Jurist is correct, would seem to be a direct authority for the plaintiff.

We hold, therefore, that the distinct admission of indebtedness, by the defendant, takes this case out of the statute, and as the verdict is for nominal damages, only, there must be

*Judgment for the plaintiff.*