## PHELPS *v.* SLEEPER.

An admission by the maker of a note that it is honestly due, and that he will pay it, is sufficient to prevent the bar of the statute of limitations, although he at the same time says that there is deal between himself and the holder of the note, which he will call and settle, and will pay the balance.

ASSUMPSIT on a note dated December 12, 1834, for $30, and interest annually. There was a second count for money had and received. The defendant pleaded the general issue and the statute of limitations, and the plaintiff replied a new promise, within six years, on which issue was taken.

Asahel Quimby testified that on the 17th of November, 1840, he received the note in question of Phelps, with a request to call upon the defendant and get the note paid or renewed; and he called the same day, and told the defendant his instructions, and told him that the note was nearly outlawed, and the plaintiff wanted him to pay or renew it; that the defendant replied that his notes were never outlawed, but there was some deal between him and the plaintiff, and he would be down in a few days and settle it, and pay the balance, for the note was honestly due, and he would pay it. The defendant did not say what the deal was, nor what the balance was.

The defendant contended that this evidence was not competent to take the note out of the statute, and if it was, it only entitled the plaintiff to nominal damages. But the court instructed the jury that if the testimony of Quimby was believed, it took the note out of the statute; and as the defendant has not attempted to show that there was any thing due to him from the plaintiff which ought to be allowed or deducted from the note, which he might do if any such thing existed, they might allow the plaintiff the amount of the note and interest to the time of

the trial. The jury returned a verdict for the plaintiff for the amount of the note, and the defendant moved to set aside the verdict, and for a new trial, on account of misdirection by the court.

*Kittredge*, for the defendant, cited *Eastman* v. *Walker*, 6 N. H. Rep. 367.

*Quincy*, for the plaintiff.

Woods, J. The only question in this case relates to the effect of the language of the defendant, when called upon by the plaintiff's agent to pay the note in controversy. He said that his notes were never outlawed, but there was some deal between himself and the plaintiff, and that he would call upon the plaintiff and settle it — that is, the deal, and pay the balance — for the note was honestly due, and he would pay it.

In *Eastman* v. *Walker*, 6 N. H. Rep. 367, on which the defendant relies as an authority to show that such declarations amount to no more than to an admission that something was due, and would entitle the plaintiff to no more than nominal damages, the defendant said that he had some bills of costs against Eastman, and had sent him money by mail, thus clearly indicating that he had made payments, or that he had counter claims which he was entitled to set off against the note, which would extinguish, to some extent, the claim of the plaintiff. He made no promise to pay any thing except such sum as might not have been actually paid in the manner which he described. In that case the court held that the admission that something was due did not cast upon the defendant the burden of showing how much had been paid.

The present case differs from that in important particulars. The defendant here did not pretend that he had paid any part of the note, or that he had any claim

against the plaintiff which could have served as a set-off against the note. The deal spoken of might have been of such a nature as not to have been available in that way, and he did not state distinctly that any thing would be due to himself upon the adjustment of it. He said that there was deal between himself and the plaintiff, which he would call and settle in a few days. He said that he would pay the balance. If the fair construction of that language is, that he would pay the balance that might be found due upon the note, upon deducting such sum as should be due to himself upon adjusting the deal which he had named, still there follows an admission that the note was justly due, and a promise to pay it.

In short, this admission that the note was due, and the promise to pay it, are abundantly sufficient, if standing alone, to take the case out of the statute. There is nothing in the language which accompanied that admission and promise that materially qualifies their force and import. It is not said that there is a set-off, or that there has been a payment, or that less than the whole of the note is due; and nothing is shown to be due to the defendant in any way. The ruling of the court below was, therefore, correct, and there must be

*Judgment on the verdict.*